# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2646 | **DATE** | September 29, 2004 |
| **CASE TITLE** | U.S. ex rel. Chavez v. Evans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court finds that the petitioner's petition is untimely and thus grants the respondent's motion to dismiss [19-1]. The clerk is directed to prepare a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | RTS/c | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| ex rel. JORGE CHAVEZ, | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | 04 C 2646 | |
| | ) | | DOCKETED |
| JOHN EVANS, | ) | | |
| Respondent. | ) | | SEP 3 0 2004 |

## MEMORANDUM AND ORDER

The respondent's motion to dismiss petitioner Jorge Chavez's § 2254 petition as time-barred is before the court. For the following reasons, the court finds Chavez's habeas petition is untimely and thus grants the motion to dismiss.

### Background

In January of 1999, Chavez was convicted of attempted murder and aggravated battery with a firearm based on a gang-related shooting incident. He was sentenced to two concurrent terms of fifteen years' imprisonment. He filed a timely appeal and the Illinois Appellate Court affirmed his conviction and sentence on December 29, 2000. On July 22, 2002, Chavez placed his motion for leave to file a late petition for leave to appeal ("PLA") in the prison mail system. On September 30, 2002, the Illinois Supreme Court denied Chavez's motion for leave to file an untimely PLA.

Chavez prepared a federal habeas petition, which he signed on September 30, 2003. He sent the petition to the United States District Court for the Southern District of Illinois. The court received it on October 3, 2003, and subsequently transferred it to this district.

## Discussion

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2254(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2254(d)(1)(A). Here, as noted above, the Illinois Appellate Court affirmed Chavez's conviction and sentence on December 29, 2000. His PLA or a notice of intent to file one was due twenty-one days later, or on January 19, 2001. *See* Ill. S. Ct. Rule 315(b).

He did not file anything with the Illinois Supreme Court by January 19, 2001 so his conviction became final as of this date. *See Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000) (conviction is final under § 2254(d)(1)(A) twenty-one days after the Illinois Appellate Court enters judgment where the petitioner does not file a timely PLA or a notice of intent to file one). The court will assume that Chavez placed his § 2254 petition in the prison mail system with prepaid first class postage on September 30, 2003, the date that he signed it. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (adopting the mailbox rule in evaluating the timeliness of habeas petitions). Even using this date, his petition is untimely because September 30, 2003, is well beyond the one-year anniversary of January 19, 2001.

This is true even though Chavez filed a motion for leave to file an untimely PLA on July 22, 2002. First, July 22, 2002, is more than one year after January 19, 2001. Thus, even if the motion could toll the statute of limitations, there was nothing to toll as the statute had already run as of the date that Chavez filed his motion. Second, even if the motion could somehow toll a statute that had already run, the Seventh Circuit has held that a motion for leave to file a late PLA

-2-

does not toll the statute of limitations if the motion is denied. *See Fernandez v. Sternes*, 227 F.3d at 979-81. Thus, the filing of the motion for leave to file a late PLA does not help Chavez. This means that his federal habeas petition is untimely and must be dismissed.

### Conclusion

For the above reasons, the respondent's motion to dismiss Chavez's habeas petition as untimely is granted.

DATE: 9/29/04

Blanche M. Manning
United States District Court Judge

04cv2646.nd

-3-